In the Matter of the CITY OF ALBANY, Petitioner, against PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, November 18, 1953.

*Russell G. Hunt, Corporation Counsel,* for petitioner.

*Lawrence E. Walsh, Joseph J. Doran, George H. Kenny, Sol N. Corbin* and *Joanne MacFarlane* for Public Service Commission, respondent.

*Newton R. Cass* for United Traction Company, respondent.

COON, J.   On April 16, 1952, the United Traction Company filed a tariff providing for increased bus fares.  This tariff was suspended and hearings were held by the commission.  Following the hearings the order here under review was promulgated on August 12, 1952, which denied the full fare increases sought by the company but authorized increases, insofar as the issues on appeal are concerned, as follows: Adult cash fare increased from twelve cents to fifteen cents; adult tokens increased from eight for ninety-five cents to seven for ninety-five cents; school tokens from ten tokens for fifty cents to ten tokens for sixty-five cents.

A rate base was adopted by the commission which is not in dispute, and upon the findings of the commission as to the estimated revenue to be produced by the new fares, the net return allowed would be 5.63%.

The petitioner, City of Albany, challenges the order of the commission as contrary to the evidence.  No specific point of law is involved.  The objections are entirely factual.  Generally

speaking, the complaint is that improper elements were considered as a part of the operating costs of the company. It is well established that if the determination of the commission on the facts finds support in the evidence, we may not disturb it. (*Matter of Yonkers R. R. Co.* v. *Maltbie,* 251 App. Div. 204; *Matter of New York Edison Co.* v. *Maltbie,* 244 App. Div. 685; *People ex rel. New York & Queens Gas Co.* v. *McCall,* 219 N. Y. 84.)

Petitioner contends that the commission overestimated the annual expenses for depreciation and underestimated the number of future riders. We find no evidence in the record to substantiate this contention, and there is evidence therein, particularly in the testimony of the witness Lummis, to substantiate the findings of the commission.

Petitioner also objects to the inclusion in the company's operating costs of an item for Federal income taxes on the theory that the company has a tax loss carry-over because of previous losses, and presumably will have to pay no income tax in the immediate future. However, rates are fixed not only for the immediate present, but for a reasonable length of time in the future. The commission, in accordance with its long-established practice, has allowed the income tax which would be collected upon estimated operating income in a normal year, as distinguished from any single year. We do not think this procedure is unreasonable. Moreover, the commission has determined that even without the allowance for income taxes the rate of return will not be excessive. It may perhaps exceed 5.63%, but the commission is not bound by that rate of return so long as the return is fair and reasonable.

Petitioner also complains of the increase in school fares. One of the arguments advanced is that the school fare of five cents has not been increased for over thirty years. With rapidly rising costs of everything else this would seem to be a better argument for the increase. This increase in school fares is not out of proportion to the increase in adult fares because the increase is only 30%, whereas the increase over the same period in adult fares (including previous increases) is 50%. It appears from the expert testimony in the case that approximately similar increases in school fares have taken place in other cities.

The commission has not based its determination entirely upon estimates of revenues and expenses for a future period, or upon any single factor. Consideration was given to operating statistics during recent years in the past, as well as estimates of

future operations. It appears from the evidence that during the twelve-month operating period ending March 31, 1952, the company suffered a net loss of $44,169. The commission has found that the company has not earned a fair return in recent years, and it finds that operating costs have progressively increased while at the same time passenger traffic has substantially declined. Bus companies face risks not common to some other public utilities, a factor which the commission is entitled to consider in fixing a rate of return. The private automobile, over which the commission has no control, is a principal competitor, resulting in loss of passenger revenue and increasing operating costs because of traffic congestion. The evidence in the case so indicates.

We deem it neither necessary nor helpful to review in detail all of the figures involved or to make recomputations. That is the peculiar province of the commission. The commission's determination is supported by the evidence in the record, and in no way appears to be arbitrary, unfair or unreasonable.

The determination should, therefore, be confirmed, with $50 costs.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Determination confirmed, with $50 costs. [See *post*, p. 1093.]